IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORA RASMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>STEVE STANCIL, individually and in his official capacity as Executive Director of the Georgia Building Authority; CAPTAIN LEWIS YOUNG, individually and in his official capacity as Chief of the Capitol Police;<br><br>    Defendants. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### Factual Allegations

1.  Plaintiff Nora Rasman urgently brings this First Amendment action seeking—as soon as possible today, which is the last day of the legislative session—a temporary or permanent restraining order allowing them the right to silently display a hand-held sign, no bigger than a poster board, inside the areas of the State Capitol Building that are already open to all other members of the public.

1

Plaintiff adamantly opposes Senate Bill 452, and their sign calls upon lawmakers to vote against it today.

2. This morning, at or around 10 a.m., Plaintiff sought to enter the State Capitol Building with their hand-held sign and explained that they intended to display the sign silently in areas of the building open to the public, and that they would not obstruct any pedestrian traffic. They were told by the Capitol Police to either throw the sign away or leave and were not allowed entry into the building.

3. Though Plaintiff was denied the right to silently display a hand-held sign expressing opposition to SB 452 inside the State Capitol Building, all other members of the public are allowed to enter the State Capitol Building to engage in any manner of speech, such as lobbyists having one-on-one conversations with lawmakers about particular bills, tourists stopping to ask about the building's history, or building employees discussing where they should go to lunch.

4. Plaintiff had no reason to believe prior to today that they would be prohibited from silently displaying their hand-held sign in the State Capitol Building, because there do not appear to be any Georgia statutes, regulations, or governing guidelines that prohibit this act.

5. Georgia law makes it unlawful for "any person to parade, demonstrate, or picket within the state capitol building . . . with intent to disrupt the orderly conduct of official business or to utter loud, threatening, or abusive language or engage in any disorderly or disruptive conduct in such building[]." Ga. Code Ann. § 16-11-34.1(g). But Plaintiff does not seek to disrupt the orderly conduct of official business or utter loud, threatening, or abusive language; to the contrary, Plaintiff wishes to remain entirely silent. In any event, no reasonable person would construe the silent display of a sign to evince intent to disrupt the orderly conduct of official business. There also do not appear to be any regulations governing this situation.

6. The Georgia Building Authority, which essentially functions as the landlord of the State Capitol Building, has published "Exhibit and Event Guidelines" found at https://bit.ly/2IaaNCl,[1] which governs the interior use of the State Capitol Building. But nothing in the Guidelines prohibits the silent display of hand-held signs. Section 2.1.8 of the Guidelines prohibits "Posting, hanging, or affixing signs . . . on any exterior or interior surface of the Capitol building," but

---

[1] The full URL is
https://gba.georgia.gov/sites/gba.georgia.gov/files/related_files/document/Capitol%20and%20Grounds%20Exhibit%20and%20Event%20Guidelines.pdf.

Plaintiff does not seek to post, hang, or affix their sign on any part of the Capitol building. Section 2.2.12 prohibits the "use of sticks/poles . . . inside the Capitol building," including its "attachment to cardboard signs, placards, and flags," but Plaintiff's sign is hand-held and not affixed to any stick or pole. In addition, visitors are scanned for metal upon entrance to the building.

7. The Appendix to the Guidelines, consisting of an "Awareness Statement" that event organizers are required to sign, does state that it is "illegal for any person to parade, demonstrate, or picket within the State Capitol Building," purporting to quote Ga. Code Ann. § 16-11-34.1(f). But this backdoor provision tellingly misquotes the statute because it omits the important qualifying phrase, "with intent to disrupt the orderly conduct of official business." To the extent that this misquoted provision reflects an actual Georgia Building Authority policy to prohibit all picketing, period, even if conducted in total silence, that policy is unconstitutional.

**Jurisdiction and Venue**

8. This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution. This Court has jurisdiction of under 28 U.S.C. §§ 1331 and 1343.

9. Venue in this Court is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims arose in this district and division. Defendants are located within this district and division.

**Parties**

10. Plaintiff is a concerned Georgia resident who is adamantly opposed to SB 452 and wishes to silently display a hand-held sign urging lawmakers to reject this bill on the last day of the legislative session, which is today.

11. Defendant Steve Stancil is the Executive Director of the Georgia Building Authority, which is the entity overseeing use of the Capitol Square grounds, as defined by Ga. Code Ann. § 50-2-28(a)(1), which includes the public park grounds in front of the State Capitol Building. The Georgia Building Authority is responsible for promulgating guidelines governing the use of that space.

12. Defendant Captain Lewis Young is in charge of the Capitol Police Division, which is responsible for enforcing certain Georgia Building Authority regulations, including the responsibility of physically removing persons from the Capital Square grounds when authorized to do so.

**Cause of Action**

13. Defendants have violated Plaintiff's First Amendment rights by prohibiting them from silently displaying a hand-held sign, no bigger than a poster board, inside the State Capitol Building in areas that are already open to all other members of the public.

14. Any such policy, whether *ad hoc* or unwritten, is not narrowly tailored to serve a significant governmental interest. Whatever justifications the government has for restricting non-disruptive speech inside the State Capitol Building, and Plaintiff does not concede that there are any, such justifications are already served by the Georgia statute that prohibits picketing "with intent to disrupt the orderly conduct of official business," Ga. Code Ann. § 16-11-34.1(g), the Guidelines that prohibit the public from physically affixing signs onto the interior property of the building, and the Guidelines that prohibit people from mounting signs onto sticks or poles, which can be used as a weapon.

15. To the extent that there is any statute, regulation, or guideline of which Plaintiff is not aware which authorizes this restriction, it is unconstitutional.

## Prayer for Relief

WHEREFORE, Plaintiff demands the following:

a) An immediate, temporary, and permanent restraining order enjoining Defendants from prohibiting people from silently carrying a hand-held sign into the interior of the State Capitol Building, in areas that are already open to members of the public, including after March 29, 2018, to ensure that this does not occur again;

b) A declaratory judgment declaring that any such prohibition is unconstitutional;

c) That Plaintiff be awarded nominal, compensatory, and punitive damages, and that there be a jury trial with respect to such relief;

d) That Plaintiff be awarded attorneys' fees under 42 U.S.C. § 1988;

e) That all costs of this action be taxed against Defendants;

f) That judgment be entered in favor of Plaintiff and against Defendants;

g) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted,
this 29th of March, 2018

/s/ Sean J. Young_____

Sean J. Young (Ga. Bar No. 790399)

Aklima Khondoker (Ga. Bar No. 410345)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, GA 30357
770-303-8111
syoung@acluga.org
akhondoker@acluga.org

## **CERTIFICATION OF COMPLIANCE**

The undersigned, in accordance with L.R. 7.1 and 5.1 hereby certifies that the typefont used herein is 14-Point Times New Roman.

This 29th day of March, 2018


s/ Sean J. Young_____

Sean J. Young
Ga. Bar No. 790399

## **CERTIFICATION OF ELECTRONIC FILING**

The undersigned hereby certifies the filing of this Complaint, motion and accompanying brief, and verifications upon the parties and all counsel by the Court's Electronic Filing System.

This 29th day of March, 2018

s/ Sean J. Young_____

Sean J. Young
Ga. Bar No. 790399